The opinion of the Court was delivered by
Boché, J.
Relator, as Grand Commander of the “ Supreme Council of 33 Scotch Masonry,” claiming that said Association is a charitable institution, and, as such, exempt from taxation under Art. 207 of the Constitution, complains of the act of defendants in having assessed for taxation, a piece of immovable property owned by the institution and used for its corporate purposes.
He has taken this appeal from a judgment reducing the assessment from $3,000 to $1,500. It appears that the District Judge recognized Relator’s right of exemption, but declined an entire exemption, on the ground that a portion of the Association’s property is leased for purposes of corporate income. The object of appellant is to obtain a¡ judgment granting an absolute exemption.
*575 As tlie issue presented by tlie record involves the constitutional right of exemption from taxation, the jurisdiction of this Court does not depend upon the amount in dispute, and, hence, appellees’ suggestion of our want, of jurisdiction in the cause cannot be entertained. Gillis & Kennet vs. Clayton, Assessor, 33 A. 286.
The answer of appellees, in which they pray that the judgment of the District Court be amended so as to reject the .partial exemption granted therein, was filed on the 28th of March, 1882, the very day on which the case was submitted, and comes, therefore, too late. Under the provisions of Article 890, Code of Practice, we are forbidden from even receiving it; and, hence, if cannot be considered.
The issues presented by the pleadings, are:
1. . Whether Relator is a charitable institution within the meaning and intent of Art. 207. of the Constitution.
2. And if it be such a charitable institution, whether it is affected by the proviso of Art. 207, which reads as follows: “ provided the property so exempt be not used or leased for purposes of private or corporate profit or income.”
First. According to the evidence in the record, and under Act No. 24 of Extra Session of 1870, incorporating the Relator' corporation, it appears to our satisfaction that the primary objects of this Society are benevolence and universal charity ; and, hence, we must conclude that Relator is a charitable institution, entitled to the protection of Article 207.
It has been held, that masonic lodges are entitled to exemptions created in favor of charitable societies. State vs. Addison, 2 South Carolina, N. S. 499.
Second. The next inquiry is, whether the property sought to be exempted from taxation is, or not, used or leased for corporate profit or income.
Tlie evidence shows that the lower part of the building in question, which consists of two stories, is rented and used for stores or warehouses, and brings an annual income of $150, and that by renting its main hall up-stairs, to other societies on certain occasions, Relator derives a casual income of $175 per annum.
As suggested by the District. Judge in his reasons for judgment, a very strict application of the proviso would entirely defeat Relator’s claim of exemption.
And jurisprudence has settled the rule, that all exemptions must be strictly construed. Cooley on Taxation, 146. And every presumption will be made against an exemption from taxation. 18 Wall. R. 206; 97 U. S. R. 666.
*576 Hence, we conclude, that under the proviso, this property is liable to taxation; and for that reason we shall not disturb the judgment of the lower court.
In the absence of a timely prayer for amendment, we are not authorized to grant any additional relief to appellees.
Judgment affirmed.
Levy, J., absent.